UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DANIEL TIMOTHY PRICE, on behalf of himself and all other similarly situated employees | CIVIL ACTION NO.: |
| VERSUS | HONORABLE JUDGE: |
| ON TRAC, INC. OF TENNESSEE | MAGISTRATE JUDGE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S COLLECTIVE ACTION
COMPLAINT UNDER THE FLSA

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, DANIEL TIMOTHY PRICE, files Plaintiff's collective action complaint under the FLSA and makes the allegations contained herein on behalf of himself and all other similarly situated.

I. JURISDICTION & VENUE

1. This Court has original jurisdiction to hear this matter and to adjudicate the claims stated herein under 28 U.S.C. § 216(b), as this action being brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Venue also lies in this Western District of Louisiana, pursuant to 28 U.S.C. § 1391, because the defendant does substantial business in this judicial district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this judicial district.

II. PARTIES

2. Plaintiff, DANIEL TIMOTHY PRICE, is an adult resident of the State of Louisiana. Plaintiff was employed by Defendant from on or about November 2015 to August 2016, as a fiber optic technician during the applicable statutory period. Plaintiff worked for Defendant in Lafayette, Louisiana.

3. Defendant, ON TRAC, INC. OF TENNESSEE, is a corporation formed and organized under Tennessee law, registered with the Louisiana Secretary of State with its principal place of business in Scott, Louisiana in Lafayette Parish. Defendant is a supplier of technical/installation services to consumers providing cable and internet. Defendant often contracted its services to local businesses or entities. (In Lafayette that was Lafayette Utility Service (LUS).) Defendant, ON TRAC, INC. OF TENNESSEE is an "employer" of Plaintiff within the meaning of the FLSA. See 29 U.S.C. § 203(d). Further, Defendant, ON TRAC, INC. OF TENNESSEE, is an "enterprise engaged in commerce" as defined at 29 U.S.C. § 203 (s)(1) in that it has employees engaged in commerce or in the production of good for commerce, or that has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 during the relevant time period.

## III. FACTS

A. Collective Action Allegations; Failure to Record/Pay all hours worked and Intentional Misclassification of Employment Status

6. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's written consent form is attached to the Complaint.

7. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees, such as Plaintiff and others similarly situated, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. See 29 U.S.C. § 207 (a)(1); 29 C.F.R § 778.107. Here, Plaintiff, DANIEL TIMOTHY PRICE averaged 60 to 70 plus hours of work per week as a fiber optic

technician of cable and internet services throughout his employment with Defendant, but never received the full amount of his overtime pay.

8. Plaintiff, DANIEL TIMOTHY PRICE, and other similarly situated employees, did not receive proper overtime because On Trac, Inc. of Tennessee used an improper method of calculating their employees' daily work hours in what is believed to be a deliberate attempt to circumvent federal overtime requirements. Specifically, Plaintiffs were paid on a "piece rate" basis and this method combined with the failure to log actual hours worked rather than actual jobs performed caused the employees to be shorted at least two and a half (2 ½) hours per day.

9. As an example, Plaintiffs' "Premise-Daily Tracking" log from September 26, 2016 is inserted below (Exhibit 1).

# PREMISE - DAILY TRACKING — RESIDENTIAL

| SERVICE ORDER # | ARRIVAL TIME | TOTAL TIME | CUSTOMER LAST NAME | CUSTOMER ADDRESS | TOTAL SERVICE OUTLETS | COMPLETE 4TH ARRIVAL #'s | # ADDRESS | CODES |
|---|---|---|---|---|---|---|---|---|
| 246596 | 8:00 | 2 | Smith | 123 St. | VIDEO = 1  VOICE =  DATA = | | | 1001 / 1013 |
| 245745 | 10:00 / 10:30 | 3 | Jones | 165 Rd | VIDEO = 1  VOICE = 1  DATA = | | | 1003 / 1013 |
| 295641 | 1:30 / 3:00 / 3:30 | 1.5 | Price | 106 Blvd | VIDEO = 1  VOICE = 1  DATA = 1 | | 7430.16.97 | 1001 / 1013 / 1025 |
| 296501 | 4:00 / 5:30 | 1.5 | Ross | 113 Lane | VIDEO = 1  VOICE = 1  DATA = | | | 1010 / 1020 |
| | | | | | VIDEO =  VOICE =  DATA = | | | |
| | | | | | VIDEO =  VOICE =  DATA = | | | |

TECH: P. Price  
DATE: 9/26/16  
M T (W) TH F SA SU  
TOTAL TIME: 8  

CODES:  
COMMENTS:

10. Plaintiff and similarly situated individuals were required to report to work at 7:00 A.M. at which time they would gather their tools and equipment necessary for the day's work. Referring to Exhibit "1" above, the hour between 7:00 A.M. and 8:00 A.M. is not recorded.

11. Similarly, again, referring to Exhibit "1", drive time between locations was not recorded and/or credited. The result was that despite the fact that the "daily tracking" (Exhibit "1") clearly shows Plaintiff worked ten and a half (10 ½) hours that day, he was only given credit for eight (8) hours of work.

12. On information and belief, On Trac, Inc. of Tennessee used this method to deprive Plaintiff and others similarly situated of numerous overtime hours.

13. In addition to Plaintiff who was characterized by On Trac, Inc. of Tennessee as a "employee", On Trac, Inc. of Tennessee deprived other similarly situated employees of overtime through a method of misclassifying other individuals as "independent contractors".

14. Upon information and belief, Defendant misclassified others similarly situated in an effort to avoid having to pay the similarly situated overtime compensation as required by the FLSA. As a result of misclassifying similarly situated co-workers as independent contractors, Defendant did not maintain accurate time records.

15. Based on the economic realities of the facts and circumstances in this matter, Defendant knew, or had reason to know, that Plaintiff and other similarly situated, i.e., his fellow fiber optic technicians, should have been classified as "employees" and paid overtime for all their hours worked over forty (40) per week. As fiber optic technicians, Plaintiff and the similarly situated individuals provided services essential to the

fundamental business purpose of Defendant, i.e., cable and internet installation, maintenance, and repair. These services, however, required no special skill. No prior experience was required for Plaintiff and the similarly situated to work as fiber optic technicians for Defendant. Instead, Defendant required Plaintiff and the similarly situated individuals to attend training to learn how to, for example, install cable and internet wires in houses, use various tools and meters, install switches, routers, receivers and activate systems.

16. As fiber optic technicians, Plaintiff and the similarly situated individuals had had no control over the manner and method by which they were paid. The manner and method of payment was determined solely by Defendant, who paid Plaintiff and the similarly situated individuals on a fixed "piece-rate" basis. Although they regularly worked more than forty hours per week, Plaintiff and the similarly situated individuals were not properly paid overtime pay from Defendant.

17. At all times herein, Defendant retained the right to discharge Plaintiff and the similarly situated individuals without cause or notice.

18. As fiber optic technicians, Plaintiff and the similarly situated individuals worked solely for Defendant on a full-time and continuing basis. Plaintiff and the similarly situated individuals did not advertise their services to the general public, or work as technicians for anyone other than Defendant, which was not permitted by Defendant.

19. Plaintiff and similarly situated individuals were subjected to the direction and control of Defendant with regard to the manner and means of their job performance. For example:

a. Defendant required technicians to drive company supplied vehicles;

b. Defendant required technicians to wear uniforms;

c. Defendant required technicians to attend training sessions at the start of their employment;

d. Defendant required technicians to attend additional training sessions during the course of their employment;

e. Defendant required technicians to attend meetings;

f. Defendant controlled the number and type of jobs that technicians performed each day;

g. Defendant controlled the time periods during which Plaintiff could perform his job each day;

h. Defendant required technicians to begin work by a certain time each day;

i. Defendant required technicians to work on Saturdays and/or Sundays;

j. Defendant required technicians to request time off from work;

k. Defendant required technicians to follow procedures with regard to how installations were to be completed;

l. Defendant inspected technicians' work through field supervisors to ensure that installations were done correctly and according to company standards; and,

m. If Defendant felt that mistakes were made, Defendant made substantial deductions from technicians' paychecks.

20. As fiber optic technicians, Plaintiff and similarly situated individuals had no opportunity for profit or loss depending upon their managerial skill.

21. Defendant also maintained records concerning the employment of Plaintiff and similarly situated individuals. Upon information and belief, this included, for example,

records of compensation, pay deductions, work orders, and materials used. Defendant did not, however, maintain accurate time records documenting the hours worked by Plaintiff and their similarly situated co-workers.

## IV. CAUSE OF ACTION

22. The Defendant's practices, as set forth above, violate the provisions of the FLSA, 29 U.S.C. §§ 201 et seq., specifically § 207(a)(1). As a result, Plaintiff and similarly situated employees have sustained a loss of wages, the exact amount of which are unknown at this time, but are estimated to be in the thousands of dollars.

23. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et. seq.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all fiber optic technicians who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explained their right to opt into this lawsuit if

they were not paid the proper overtime compensation for their hours worked in any week during the statutory period;

2. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

3. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

4. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates in an amount to be determined at trial;

5. Judgment against Defendant that their violations of the FLSA were willful;

6. An equal amount to the overtime damages as liquidated damages;

7. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

8. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

9. Leave to amend to add claims under applicable state and federal laws, including claims for a violation of minimum wage pursuant to 29 U.S.C. § 206;

10. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

11. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit;

12. Plaintiff demands a trial by jury; and

13. For all such further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC

  /s/ Kenneth D. St. Pé_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043