UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DANIEL TIMOTHY PRICE, ET AL.        CIVIL ACTION NO. 6:17-cv-00519

VERSUS                              JUDGE DOUGHTY

ON TRAC INC. OF TENNESSEE           MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

The parties reached a settlement in this case, which was conditionally certified as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. As a result, the parties filed a joint motion for court approval of their settlement agreement. (Rec. Doc. 29). The parties also provided this Court with a copy of their settlement agreement for *in camera* review. Based on a review of the motion, the settlement agreement, the applicable law and jurisprudence, and for the following reasons, it is recommended that the joint motion for court approval of the parties' settlement agreement (Rec. Doc. 29) be granted.

## LAW AND ANALYSIS

"This Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[1]

---

[1] *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 717 (E.D. La. 2008).

Generally, settlement is the preferred means of resolving litigation.[2] Further, there is a "strong presumption" in favor of finding a settlement to be fair.[3] Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable.[4]

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs can prove how many hours they actually worked, whether the plaintiffs were properly paid for overtime hours worked, whether the defendant's alleged violations were made in good faith and on reasonable grounds, and whether the defendant's alleged FLSA violations were willful. The case was litigated for a year and a half with discovery, motion practice, meetings between counsel to review documents and discuss the merits of the claims, and a successful settlement conference with this Court, which was held on October 22, 2018. The issues raised by the parties are sufficient for this Court to find that genuine

---

[2] *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984).

[3] *Camp v. Progressive Corp.*, Nos. 01-2680 and 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

[4] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 719.

uncertainty as to the outcome of the litigation existed for each side, and a bona fide dispute existed in this case.

In determining whether a settlement is fair, adequate, and reasonable, a court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.[5] As part of the fairness determination, a court must also assess the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel.[6]

The parties have agreed to individual settlement amounts for each of the plaintiffs and an amount to compensate the plaintiffs' counsel for his efforts on behalf of the plaintiffs. Having reviewed the settlement agreement carefully, this Court finds no evidence of fraud or collusion behind the settlement. There is "a presumption that no fraud or collusion occurred between counsel, in the absence of

---

[5] *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)); see also *Cotton v. Hinton*, 559 F.2d at 1330 ("In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties.").

[6] *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

any evidence to the contrary."[7] Since this case was filed in 2017, counsel for the parties have vigorously represented and advanced the positions of their clients by engaging in discovery and competently addressing the issues presented in this litigation. Furthermore, given the parties' participation in status conferences and a settlement conference with this Court, it is clear that the settlement was arrived at by arms-length and good faith negotiations. Thus, the first factor favors approval of the settlement as fair, adequate, and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to incur significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate, and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate, and

---

[7] *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (citing 4 Newberg on Class Actions § 11.51 (4th ed.)).

reasonable, and accordingly should be approved. This case has been pending for over one and a half years. During its pendency, the parties conducted discovery and motion practice as well as factual and legal investigations. An investigation into detailed employment and payroll records was necessary, and several substantive issues remained outstanding at the time of the parties' settlement conference with this Court. Therefore, this Court finds that the case is ripe for settlement.

The fourth factor, the probability of the plaintiffs' success on the merits, also supports a finding that the settlement is fair, adequate, and reasonable. This case has been litigated by competent and experienced lawyers who enjoy great respect in their field from both sides of the aisle. Counsel for the plaintiffs has appeared multiple times in this Court with success on many occasions. Counsel for the defendant is also well known to this Court and the legal community as a skilled litigator, particularly in employment-based matters. In light thereof, and given the nature of the disputed issues underlying this lawsuit, there is uncertainty surrounding the eventual outcome of the litigation, as well as the potential for appeal to the Fifth Circuit, such that the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate, and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate, and reasonable. The parties carefully negotiated and outlined in their settlement agreement the sums to be received in settlement by

each eligible class member, including payments representing back pay and payments representing liquidated damages and interest. This Court therefore finds that the settlement agreement represents a settlement that curtails risk while resolving this dispute for an amount that, both in total and on individual assessment, is adequate, fair, reasonable, and within the range anticipated by this Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also supports a finding that the settlement is fair, adequate, and reasonable. Class counsel and the class representative, as well as the defendant and its counsel, have already approved the terms of the settlement agreement and have joined in asking this Court for approval. In the joint motion for approval of the settlement, the parties represented that the "settlement is in all respects a fair and reasonable resolution of all" of the plaintiffs' legal claims in this lawsuit.[8] There have been no objections to the settlement, and all of the parties agree that the proposed settlement is in the best interests of the parties involved. As recognized herein, the settlement was arrived at after extensive negotiation by experienced counsel. A court is entitled to rely on the judgment of experienced counsel in its

---

[8] Rec. Doc. 29 at 3.

evaluation of the merits of a class action settlement.[9] This Court finds no evidence that counsel have not worked in good faith to secure a good and fair settlement.

As part of the fairness determination, a court must also evaluate the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel.[10] In this case, the plaintiffs' counsel seeks approval of an award of in attorneys' fees, expenses, and costs that is represented by the parties to be less than the actual amount incurred by the plaintiffs' counsel in litigating this matter to date.[11] For the reasons that follow, court approval for payment by the defendants of the requested amount to the plaintiffs' counsel should be granted.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions.[12] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[13] After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway*

---

[9] *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 727 (citing *Cotton v. Hinton*, 559 F.2d at 1330).

[10] *Strong v. BellSouth*, 137 F.3d at 849-850.

[11] Rec. Doc. 29 at 2.

[12] *Strong v. BellSouth*, 137 F.3d at 850.

[13] *Strong v. BellSouth*, 137 F.3d at 850.

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[14] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[15] Further, "[t]he lodestar. . . is presumptively reasonable and should be modified only in exceptional cases."[16]

In this case, all parties have agreed the plaintiffs' counsel is entitled to an amount of attorneys' fees, expenses, and costs that is less than 33% of the total amount to be paid in settlement of the claims. The parties have not submitted documentation as to the total hours of attorney work performed by the plaintiffs' counsel, his customary rate of pay, or the expenses incurred by the plaintiffs in this litigation. Nevertheless, given that contingency fee arrangements in this legal community are generally in excess of 33% (in fact, they are oftentimes 40%), and attorneys' fees and expenses are usually deducted from each plaintiff's total recovery, this Court finds that the proposed award in this case is fair and reasonable. As

---

[14] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 717-19.

[15] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

[16] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

previously noted, a significant amount of time and effort was expended in bringing this lawsuit to its current status, and the parties have represented that the plaintiffs' counsel has discounted the amount that he is seeking to recover. Accordingly, this Court finds that the proposed award in this case is fair and reasonable.

## CONCLUSION

For the reasons stated above,

IT IS RECOMMENDED that the proposed settlement be approved, and accordingly, that the Court grant the joint motion for court approval of the settlement (Rec. Doc. 29) on the terms and conditions set forth in the parties' settlement agreement.

IT IS FURTHER RECOMMENDED that the claims asserted by the plaintiffs in this lawsuit be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that this case be closed, subject to the court retaining jurisdiction for ninety days to enforce the terms of the parties' settlement agreement, if necessary.

Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there have been no objections to the settlement filed in the record, this Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five days to serve and file written objections to the

9

proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.[17]

Signed at Lafayette, Louisiana on this 19th day of December 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[17] *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).